# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS E. JEMISON,<br><br>    Plaintiff,<br><br>vs.<br><br>NAVARO, et al.,<br><br>    Defendants.<br>_____/ | 1:09-cv-01978-LJO-GSA (PC)<br><br>ORDER DENYING MOTION TO OPEN DISCOVERY AND FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 6) |

Plaintiff Dennis E. Jemison ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. On December 2, 2009, plaintiff filed a "Motion of Discovery and Request of Legal Counsel to Assist and Represent Plaintiff." (Doc. 6.)

The discovery phase of this litigation is not yet open. Plaintiff is directed to paragraph seven of the court's First Informational Order, filed November 10, 2009. In that order, plaintiff was specifically informed that he may not conduct discovery until defendants file an answer[1] and the court issues the discovery order. Plaintiff's request to open discovery at this time is premature.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to

---

[1] Plaintiff's complaint has not yet been screened to ascertain whether Plaintiff has stated any cognizable claims in this action. The case will be screened in due course, and if Plaintiff states cognizable claims so as to require service on any Defendant(s), the court will issue an order opening discovery after an answer is filed.

represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  <u>Id.</u> (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims.  <u>Id.</u>

For the foregoing reasons, Plaintiff's motion to open discovery and for the appointment of counsel is HEREBY DENIED in its entirety, without prejudice.

IT IS SO ORDERED.

Dated:   **April 15, 2010**                    **/s/ Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE